IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY LYNN BISBY | § | |
| v. | § | CIVIL ACTION NO. 6:10cv358 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jerry Bisby, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report on September 12, 2010, recommending that the petition be dismissed because Bisby did not show the infringement of a constitutionally protected liberty interest, as set out in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Bisby filed objections to the Magistrate Judge's Report on December 1, 2010.

In his objections, Bisby said first that he did not consent to have a Magistrate Judge try his case. The record shows that the case was referred to the Magistrate Judge for pre-trial proceedings, including the issuance of a Report recommending disposition of the case, pursuant to 28 U.S.C. §636(b). No consent from a party is required for a referral under 28 U.S.C. §636(b). This objection is without merit.

After complaining that the charging officer changed her story, Bisby says that he was never asked, during the course of the disciplinary proceedings, whether or not he was eligible for release

on mandatory supervision, and that this should not matter anyway because he is complaining of a violation of his rights under the Ninth Amendment, because he was given a disciplinary case for exercising his right of self-defense. He reiterates that all of the witnesses would have testified that Bisby was simply defending himself against an unprovoked assault.

As the Magistrate Judge correctly observed, the issue in this case is whether the punishments imposed upon Bisby deprived him of a constitutionally protected liberty interest. These punishments included reduction in classification status, a change in housing assignments, and the loss of 180 days of good time credits. The Magistrate Judge properly noted that none of these punishments deprived Bisby of any constitutionally protected liberty interests; while the loss of good time credits could under some circumstances do so, those circumstances were not present because Bisby is not eligible for release on mandatory supervision. *See* Madison v Parker, 104 F.3d 765, 766 (5th Cir. 1997) (release on mandatory supervision is arguable a liberty interest). Because Bisby is not eligible for release on mandatory supervision, the loss of good time credits only affects his eligibility for parole, in which the Fifth Circuit has stated that no liberty interest exists. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). The fact that the prison officials did not inquire into mandatory supervision at the time of the disciplinary case is of no moment; that question is relevant to the question of whether a constitutionally protected liberty interest exists. Because Bisby did not show the denial of such an interest, his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jerry Bisby is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 7th day of January, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE